IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rafael Barrett, | ) | C/A No. 5:21-cv-1763-JD-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Lt. Davis; Lt. Kipp; Capt. McFadden; and Capt. Witherspoon, | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 97.) Plaintiff Rafael Barrett ("Plaintiff" or "Barrett") filed this action *pro se* and *in forma pauperis* alleging Defendants Lt. Davis, Lt. Kipp; Capt. McFadden; and Capt. Witherspoon (collectively "Defendants") violated his First, Eighth, and Fourteenth Amendment constitutional rights when Defendants slammed his hand in the food flap of his cell and sprayed him with chemicals causing him injuries. (DE 1.)

On April 25, 2022, Defendants filed a Motion for Summary Judgment raising the following arguments: (1) Plaintiff failed to exhaust his administrative remedies; (2) Defendants are not "persons" subject to suit under § 1983; (3) Plaintiff cannot prove a constitutional deprivation sufficient for recovery under § 1983; (4) and Defendants are entitled to qualified immunity. (DE

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

75.) On April 26, 2022, the magistrate judge issued a Roseboro Order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), notifying Plaintiff of the dismissal procedure and the possible consequences if he failed to respond to the motion adequately. (DE 76.) On September 1, 2022, Plaintiff responded to Defendants' Motion for Summary Judgment. (DE 93.) Defendants filed a reply on September 8, 2022 (DE 94), and Plaintiff filed what he styled as a "sur reply" to Defendants' reply (DE 95). On November 4, 2022, the magistrate judge issued the Report, recommending this Court grant Defendants' Motion for Summary Judgment, (DE 75), for all Defendants. (DE 97.) Accordingly, for the reasons stated below, the Court adopts the Report and grants Defendants' Motion for Summary Judgment, as provided herein.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which the Court incorporates herein without a complete recitation. However, as a brief background relating to the objections raised by Plaintiff, the Court provides this summary.

Plaintiff alleges that on January 20, 2021, the Chaplain at the correctional facility[2] where he was housed was trying to allow Plaintiff's request to grieve with his family over the phone after learning of the death of Plaintiff's relative. (DE 1, p. 4.) Plaintiff alleges that he had not yet been able to communicate with his family when the named Defendants were at his cell speaking with him through his food flap. (Id.) Plaintiff further alleges that while attempting to speak with the associate warden about going to the Chaplain's office to call his family, the Defendants slammed his hand in the food flap and sprayed him with chemicals. (Id.) Plaintiff alleges that he was not attempting to harm anyone. (Id.) Plaintiff further alleges that after spraying Plaintiff with

---

[2] Plaintiff alleges that the events giving rise to his Complaint occurred at Lee Correctional Institution. (DE 1 p. 4.) However, the documents within the record reflect that the events occurred at Turbeville Correctional Institution. Moreover, as described in the Report, Defendants dispute Plaintiff's allegations and rely on Plaintiff's deposition testimony to refute the allegation in his Complaint. (DE 97, pp. 2-4.)

chemicals, Defendants left Plaintiff in his cell while choking and convulsing on the floor due to the sprayed chemicals in his cell. (Id.) According to Plaintiff's allegations, the named Defendants took part in what he alleges was an assault, either directly or indirectly, by failing to intervene while he was assaulted. (Id.) Plaintiff alleges damage to his hand. (Id.)

According to Plaintiff, "[t]his incident happened in January[,]" and he is still unable to move his wrist. (DE 1, p. 5.) Plaintiff further alleges that the Defendants refused to send him to a specialist for proper treatment. (Id.) Plaintiff also alleges that he was "not given any medication for swelling, pain, nausea, no ace bandage for my wrist, no medical attention from a trained professional at all after this incident." (Id.)

## DISCUSSION

On December 21, 2022, Plaintiff filed an objection to the Report. (DE 103.) However, to be actionable, objections to a report and recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985)). "A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object." Tyler v. Wates, 84 F. App'x 289, 290 (4th Cir. 2003). "Likewise, a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487 (E.D. Va. 2015). In the absence of specific objections to the Report and

Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the Court finds that Plaintiff has raised the following specific objections to the Report:  1) Failure to Exhaust Administrative Remedies[3], 2) Eleventh Amendment Immunity[4], 3) Eight Amendment Excessive Force, 4) Deliberate Indifference, and 5) Qualified Immunity.  (DE 103, pp. 6, 7, 9, 10.)  As to Plaintiff's Eighth Amendment Excessive Force objection, Plaintiff contends the Report ignores genuine issues of material fact regarding whether the force used when Plaintiff refused to remove his arms from the food flap was excessive.  To establish a constitutional excessive force claim, the inmate must establish that the "prison official acted with a sufficiently culpable state of mind (subjective component); and [that] the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)."  Iko v. Shreve, 535 F.3d, 225, 238 (4th Cir. 2008).  The Report correctly notes that the Fourth Circuit has instructed that district courts use the following test to analyze the subjective component of the excessive force for Plaintiff's cause of action:

> (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response."

---

[3]   Plaintiff mistakenly believes the Report recommends granting Defendants' Motion for Summary Judgment on their failure to exhaust administrative remedies ground. (DE 103, p. 6.)  Instead, the Report recommends that "Defendants have not met their burden of showing 'there is no genuine issue as to any material fact' regarding Plaintiff's failure to exhaust his administrative remedies."  (DE 97, p. 9.)  Accordingly, this objection is overruled.

[4]   Equally, Plaintiff's Eleventh Amendment immunity objection asserts a fact dispute, which Plaintiff contends makes summary judgment improper.  (DE 103, p. 6.)  However, this objection overlooks the Report's recommendation, which states:  "A review of Plaintiff's Complaint reveals that Plaintiff does not appear to be suing Defendants in their official capacities; however, to the extent Plaintiff intends to sue Defendants in their official capacities, the undersigned recommends finding that Defendants are not subject to suit under § 1983 upon a finding that Eleventh Amendment immunity applies to Plaintiff's claims against Defendants."  Since Defendants cannot be sued in their official capacity in federal court, this objection is overruled.

Iko, 535 F.3d at 239.

  Defendants argue that Plaintiff has not established the subjective component of his claim, that Defendants applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to gain Plaintiff's compliance. Whitley v. Albers, 475 U.S. 312, 320-21 (1986). This Court agrees. The Report comprehensively and ably addresses this argument and applies the four-factor test. At bottom, Plaintiff admitted in his deposition that he refused to remove his arms from the food flap because he thought he would get what he wanted if he did not comply. (DE 75-6, p. 9.) The Report, citing this admission, correctly found a need for the application of force under these facts and also found the amount of chemical munitions, in this case, has been previously found as not excessive by other courts. (DE 97, p. 20, citing Robinson v. S.C. Dept. of Corr., No 5:10-cv-2593-HMH-KDW, 2012 WL 851042, at *7 (D.S.C. Mar. 13, 2012) (finding that 31 grams was not excessive to quell a confrontational inmate and citing to another case where 33.5 grams was found to be "not constitutionally relevant.").) Accordingly, Plaintiff fails to create an issue of fact as to whether he suffered an Eighth Amendment violation for the excessive use of force; therefore, his objection is overruled.

  Next, as to Plaintiff's objections regarding whether Defendants were deliberately indifferent to his medical needs, Plaintiff argues that "Defendants left him in the cell full of chemical spray forcing Plaintiff to choke and convulse on the floor and refused to allow the Plaintiff to shower and decontaminate the Plaintiff[']s eyes." (DE 103, p. 10.) This Court disagrees. The Report noted that "Plaintiff testified that he was transported to the hospital within 30 minutes because his hand was bleeding. (Citation omitted.) Plaintiff further testified that he returned to the hospital a few days later for removal of the stitches. (Citation omitted.)" (DE 97, p. 24.) As the Report explained, "[d]eliberate indifference may occur when prison officials deny,

5

delay, or intentionally interfere with medical treatment." (Id. at 24, citing Nelson v. Caswell, No. CIVA 8:05-874HMH-BHH, 2006 WL 1432084, at *3 (D.S.C. May 23, 2006).) However, a delay in medical treatment may not result in supporting a deliberate indifference violation unless the gravity of the injury is apparent. See Id. at *4, citing Walker v. Hershey, 1992 WL 337096, at *2 (4th Cir. Nov. 19, 1992)). Given that the evidence in the record reveals that Plaintiff was provided timely medical care, and Plaintiff has not provided any argument or evidence to establish that a genuine issue of material fact exists to the contrary, Plaintiff's objection is overruled.

Lastly, as to Plaintiff's objection regarding whether a factual dispute exists, which would preclude a ruling on Defendants' qualified immunity defense, the Report ably and comprehensively addresses the merits of this recommendation. The Report found that

> Plaintiff has failed to show that Defendants' conduct violated his constitutional rights. Moreover, in analyzing whether conduct violates clearly established law, one must consider whether a reasonable official would have understood that what he is doing violates that right. [See] Ridpath v. Board of Governors Marshall Univ., 447 F.3d 292, 306 (4th Cir. 2006) (explaining that qualified immunity shields officials insofar as their conduct does not violate rights which a reasonable person would have known). A review of the record supports a finding that Defendants' actions were objectively reasonable given the fact that they tried multiple times to obtain Plaintiff's compliance and resorted to the use of chemical munitions after those attempts failed.

(DE 97, pp. 25-26.) Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). Therefore, even if Plaintiff could establish an Eighth Amendment claim, these Defendants are entitled to qualified immunity.

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 97) as modified herein and incorporates it by reference.

It is, therefore, **ORDERED** that Defendants' Motion for Summary Judgment (DE 75) is granted as provided herein, and this case is dismissed.

**IT IS SO ORDERED**.

                                                    Joseph Dawson, III
                                                    United States District Judge

Florence, South Carolina
February 10, 2023